UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS DIRECTIONAL GUIDANCE INC., | § § § | |
| *Plaintiff,* | § § | |
| VS. | § | CIVIL ACTION NO. H-11-2724 |
| | § | |
| ONCOURSE, INC., *et al,* | § § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING DEFAULT JUDGMENT

Before the Court is Plaintiff, Compass Directional Guidance, Inc.'s Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(d). (Dkt. 40). After a hearing on the Motion, the Court granted the Motion in part by striking the Defendant, Curt Walsh's Answer and allowing Walsh 14 days to respond to the Court's order. (Dkt. 43). Walsh failed to respond to the Court's order. After considering the arguments of Plaintiff made at the hearing, Plaintiff's filings, and the applicable law, Plaintiff's Motion for default judgment (Dkt. 40) is **GRANTED** against Walsh for discovery abuses.[1]

## BACKGROUND

This is a suit on a sworn account brought by Plaintiff, Compass Directional Guidance, Inc., ("Compass") against OnCourse, Inc. ("OnCourse") and Curt Walsh, Defendant, for failing to pay rental fees for oilfield drilling equipment. In a series of contracts, Compass agreed to lease oilfield equipment to OnCourse. OnCourse agreed to

---

[1] The parties consented to proceed before the magistrate judge for all proceedings, including final judgment. (Dkt. 19).

1

pay Compass for use of the equipment, and Walsh agreed to guaranty OnCourse's payment to Compass.

OnCourse in turn leased the equipment to Chesapeake Appalachia, L.L.C. ("Chesapeake") to be used for Chesapeake's operations in Pennsylvania. OnCourse subsequently became delinquent on lease payments to Compass and Compass filed a lien on the equipment that OnCourse had leased to Chesapeake. Chesapeake responded to the liens by withholding more than $1 million in rental payments it owed to OnCourse. Chesapeake eventually paid $528,990.25 to OnCourse and OnCourse in turn paid this sum to Compass. Compass alleges that despite this payment, OnCourse still owes Compass $491,265.05 in lease payments for the equipment. Compass also alleges that Walsh breached his guaranty to pay OnCourse's debts.

Compass dismissed OnCourse from the lawsuit, and counsel for Walsh was permitted without objection to withdraw from the case. (Dkt. 30, 34). Thereafter, no substitute counsel has appeared on Walsh's behalf. While represented by counsel, Walsh filed an answer (Dkt. 8) to Compass's complaint (Dkt. 12-1) and affidavits detailing his alleged poor financial condition (Dkt. 32). However, after appearing pro se at a status conference wherein the parties discussed the possibility of settlement, Walsh failed to participate in discovery or any further court proceedings. Specifically, Walsh failed to appear for his properly noticed deposition (Dkt. 36, 40-1), he failed to respond to Compass's Motion for Sanctions, and he failed to attend the hearing on the Motion. Following a hearing on Compass's Motion for Sanctions, the Court entered sanctions against Walsh by striking his Answer in its entirety for failing to attend his own

deposition. (Dkt. 43). Further, the Court ordered Walsh to file an explanation for his failure to participate in discovery by May 15, 2012 or risk the possibility that a default judgment would be entered against him. (Dkt. 43). To date, Walsh has failed to file any explanation for his failure to participate in discovery. Pursuant to the Court's order, Walsh's answer remains stricken as a discovery sanction.

## DISCUSSION

Under Texas law, once the court strikes the defendant's answer as a discovery sanction, the defendant is placed in the same legal position as if he had filed no answer at all. *Gober v. Terra+Corp.*, 100 F.3d 1195, 1204-1205 (5th Cir. Tex. 1996) As in a no-answer default judgment, the defendant is deemed to have admitted all of the plaintiff's allegations with respect to liability. *Id.* If the claim is for a sum certain, a default judgment may be entered without a hearing on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

The Court considers a motion for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(b)(2). Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.

3

1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment because the factors on balance weighed against granting the motion). Of these factors, whether the party acted in good faith or willfully refused to reply to court orders is a primary factor. *See United States v. $ 49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Thus, a party's repeated refusal to comply with a court's discovery orders and properly issued discovery may establish a party's willfulness or bad faith. *See Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979).

Here, all factors weigh in favor of granting default judgment. Under the first factor, the Court finds no evidence in the record that Walsh made a good faith mistake in failing to defend this lawsuit. To the contrary, the Court finds that Walsh acted willfully and in bad faith by refusing to comply with his discovery obligations and the Court's orders. The Court finds that Walsh is well aware of the proceedings and the need for his involvement in this litigation. At his last court appearance, Walsh agreed that he would participate in discovery, specifically, appearing at his deposition, and future court

4

hearings pro se. He did not do so. Further, in spite of the awareness of his responsibilities as a litigant, Walsh failed to respond to the Court's order to show cause why he was refusing to participate in this litigation and failed to keep the court informed of his current mailing address. (Dkt. 37). Thus, Walsh's refusal to comply with this Court's orders is inexcusable. *See Technical Chem. Co. v. Ig-Lo Prods. Corp.*, 812 F.2d 222, 224-25 (5th Cir. 1987).

Walsh's last apparent contact with Compass after he was served with his deposition notice was to tell Compass's counsel that he did not intend to be present for his deposition. (Dkt. 39). Walsh failed to communicate anything to the Court after his last court appearance. Walsh also indicated to Compass's counsel that he has no funds to pay any judgment. (Dkt. 40). Walsh's status as a pro se litigant and alleged lack of financial resources is no excuse for his failure to comply with the court's orders or to participate in discovery. *See United States v. Work Wear Corp.*, 602 F.2d 110, 116 (6th Cir. 1979) ("[M]ere financial hardship is no excuse for failure to comply with a lawful court order) (citing *United States v. E. I. du Pont Nemours and Co.*, 366 U.S. 316, 326–31, 81 S. Ct. 1243, 6 L. Ed. 2d 318 (1961)).

Under the second factor, the Court finds that Compass has been substantially prejudiced by Walsh's default. Prejudice to the moving party exists where the acts of the nonmoving party have prevented its "timely and appropriate preparation for trial." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir. 1990). Walsh's refusal to respond to Compass's deposition request has limited Compass from obtaining the testimony to which it is entitled under the Federal Rules of Civil Procedure to timely

5

prepare for trial. Accordingly, the Court finds that Walsh's persistent unwillingness to engage in the discovery phase of this cause of action has substantially prejudiced Compass's trial preparation.

Under the third factor, the Court finds that granting a default judgment against Walsh is not too harsh a remedy because no lesser sanction will deter Walsh's conduct. Despite multiple warnings from Compass's counsel and admonitions from the Court, Walsh refuses to participate in discovery or any further court proceedings. Two days before his scheduled deposition, Compass's counsel warned Walsh that if he failed to appear for his deposition, Compass would be required to seek sanctions against him, including "striking [his] answer in this case and entry of a default judgment against [him]." (Dkt. 40-1). After Walsh failed to appear for his deposition, Compass's counsel sent Walsh an e-mail informing him that counsel would "ask the court to strike [his] pleadings and enter a default against [him] in this litigation." (Dkt. 40-1). Further, the Court's order cautioned Walsh that "[i]f [he] fail[ed] to respond to [the Court's] Order, the Court [would] take under consideration Plaintiff's Motion for default judgment against Walsh." (Dkt. 43). In spite of those warnings, Walsh repeatedly refused to comply with his discovery obligations or the Court's orders. Accordingly, the Court finds that default judgment is not too harsh a remedy for Walsh's misconduct in this case.

Under the fourth factor, the Court finds that there are no material facts at issue because Compass has pled the facts necessary to establish an action for breach of guaranty against Walsh. (Dkt. 15).

Under the fifth factor, the Court determines that default judgment is warranted. The Court is authorized to exercise its discretion and render a judgment by default against a party who fails to attend his own deposition. *See* Fed. R. Civ. P. 37(d). As discussed above, Compass gave Walsh proper notice of his deposition. Walsh told Compass that he did not intend to appear for the deposition and failed to attend his deposition without explanation. Further, Walsh made no effort to reschedule his deposition at a time that was convenient for him. Although the Court did not order Walsh to attend his deposition, the Court ordered Walsh to explain his failure to attend the deposition, which he failed to do. Therefore, the Court finds that default judgment is warranted.

Under the sixth factor, the Court finds that it would not be obligated to set aside the default judgment if such a request was made by Walsh. Because all factors weigh in favor of granting a default judgment against Walsh, the Court finds that granting a default judgment against Walsh is appropriate.

Compass seeks liquidated damages from a suit on a sworn account. (Dkt. 15 ¶ 10). Therefore, the Court finds that an evidentiary hearing on damages is not necessary.

The Court hereby ORDERS:

1. That default judgment be rendered against Curt Walsh and in favor of Compass Directional Guidance, Inc. in the amount of $491,265.05 ($1,020,255.30 minus $528,990.25 previously received from Chesapeake Operating System, Inc. for the benefit of OnCourse, Inc.).

2. That the judgment bear interest at the rate of 0.18% from the date hereof until paid in full.

SIGNED at Houston, Texas on May 18, 2012.

George C. Hanks, Jr.
United States Magistrate Judge